329 So.2d 283 (1976)
Charles HAMILTON, III, Appellant,
v.
STATE of Florida, Appellee.
No. 47480.
Supreme Court of Florida.
February 25, 1976.
Rehearing Denied April 21, 1976.
Philip J. Padovano of Ruiz & Padovano, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Gerald L. Knight, Asst. Atty. Gen., for appellee.
*284 BOYD, Justice.
This cause is before us on a direct appeal from the County Court of Pinellas County. Appellant was charged with a violation of Section 509.151, Florida Statutes, which reads as follows:
"509.151 Obtaining lodging with intent to defraud; penalty.  Any person who shall obtain food, lodging or other accommodations at any public lodging or food service establishment, with intent to defraud the owner or operator thereof, shall be guilty of a misdemeanor of the second degree, punishable as provided in §§ 775.082 or 775.083; provided, that if any owner or operator of such establishment has probable cause to believe, and does believe, that any person has obtained food, lodging or other accommodations at such establishment with intent to defraud the owner or operator thereof, and upon demand for payment being made, and there being no dispute as to the amount owed, failure to make payment shall constitute prima facie evidence of intent to defraud; provided, further, that the provisions of this section shall not apply where there has been an agreement in writing for delay in payments."
Initially, Appellant pled not guilty and filed a Motion to Dismiss in which he asserted the constitutional invalidity of the above-quoted section; in his supporting memorandum Appellant argued that both Section 509.151 ("Obtaining lodging with intent to defraud; penalty.") and Section 509.161 ("Rules of evidence in prosecutions."), Florida Statutes, were unconstitutional in that (1) they create an impermissible presumption violative of the Fourteenth Amendment of the federal constitution; (2) they violate the privilege against self-incrimination contained in the Fifth Amendment; and (3) they violate the constitutional proscription against imprisonment for non-payment of debt. In its order denying Appellant's motion the trial court specifically held both sections to be constitutional. Thereafter, Appellant changed his plea to nolo contendere, preserving his right to appeal the denial of his motion to dismiss. The court accepted the plea, adjudicated Appellant guilty and sentenced him; this direct appeal followed.[1]
We recognize that in 1969 the United States Supreme Court stated in Leary v. United States:[2]
"The upshot of Tot [v. United States],[3] [United States v.] Gainey[4] and [United States v.] Romano[5] is ... that a criminal statutory presumption must be regarded as `irrational' or `arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to follow from the proved fact on which it is made to depend... ."
It is our view that Florida cases generally seem to be in agreement with the federal cases. In fact, this Court stated in State v. Kahler:[6]
"Criminal acts declaring one fact prima facie evidence or presumption of another are frequent. Their purpose is not to relieve the State of the burden of proof, but to allow the establishment of a prima facie case. Constitutional guarantees are not violated as long as there is a rational connection between the fact proven and the ultimate fact presumed and reasonable opportunity is afforded to rebut the presumption."
*285 Furthermore, this Court in Dirk v. State[7] considered whether prima facie evidence of fraudulent intent based solely on a check returned for insufficient funds was constitutional; in that instance we upheld the statutory presumption. Likewise, we note that the federal Supreme Court has upheld the inference arising from the unexplained possession of recently stolen property.[8]
It is our view that the prima facie evidence of intent to defraud provided by Section 509.151, Florida Statutes, is no more of an incursion into the right against self-incrimination and the right to present proof beyond a reasonable doubt than the presumptions upheld in Dirk and Barnes, supra. In Section 509.151, Florida Statutes, there are four requirements of the evidence in order to provide the prima facie evidence of intent: (1) the owner or operator must be shown to have probable cause to believe that the accused obtained food, lodging, etc., with intent to defraud; (2) demand for payment must be made; (3) there must be no dispute about the amount owed; and (4) there must be a failure to make payment. Admittedly, this statute may be susceptible to unconstitutional enforcement on occasion; nevertheless, in light of the criteria specified therein, we find the statutory language of the presumption to be constitutional.
We have examined Appellant's remaining points on appeal and find them to be without merit.
The judgment of the trial court is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS and OVERTON, JJ., concur.
ENGLAND, SUNDBERG and HATCHETT, JJ., dissent.
NOTES
[1] Article V, Section 3(b)(1), Florida Constitution.
[2] 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969).
[3] 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).
[4] 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965).
[5] 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).
[6] 232 So.2d 166, 168 (Fla. 1970).
[7] 305 So.2d 187 (Fla. 1974).
[8] Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).