899 So.2d 498 (2005)
STATE of Florida, Petitioner
v.
John Henry RYGWELSKI, Respondent.
No. 2D03-3877.
District Court of Appeal of Florida, Second District.
April 22, 2005.
*499 Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Petitioner.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Respondent.
*500 WALLACE, Judge.
The State seeks certiorari review of the trial court's order denying John Henry Rygwelski's motion to dismiss the charge of failure to return leased equipment in violation of section 812.155, Florida Statutes (2001), but holding section 812.155(4)(b) unconstitutional. The trial court found that section 812.155(4)(b) creates a mandatory presumption that relieves the State of its burden to prove an essential element of the offense in violation of the due process clauses of the federal and Florida Constitutions. Because the statute creates a permissive inference, not a mandatory presumption, the trial court's order departed from the essential requirements of the law, causing the State irreparable harm that cannot be remedied on direct appeal. Accordingly, we grant the petition for certiorari, quash the order under review, and remand for further proceedings.

Procedural History
The State charged Rygwelski with violating section 812.155(3). This statute provides that a person who, with the intent to defraud, after leasing property valued at $300 or more under an agreement to redeliver, abandons or willfully refuses to redeliver the property as agreed shall be guilty of a third-degree felony. In his motion to dismiss, Rygwelski challenged the constitutionality of section 812.155(4)(b), which provides:
In a prosecution under subsection (3), failure to redeliver the property or equipment within 5 days after receipt of, or within 5 days after return receipt from, the certified mailing of the demand for return is prima facie evidence of fraudulent intent. Notice mailed by certified mail, return receipt requested, to the address given by the renter at the time of rental shall be deemed sufficient and equivalent to notice having been received by the renter, should the notice be returned undelivered.
Rygwelski argued that subsection (4)(b) creates an unconstitutional presumption because it relieves the State of its burden of proving fraudulent intent, an essential element of the offense of failing to return leased property. In its order on Rygwelski's motion, the trial court concluded that section 812.155(4)(b) is analogous to the statute at issue in State v. Brake, 796 So.2d 522 (Fla.2001), which the Florida Supreme Court determined created an unconstitutional presumption. After reaching this conclusion, the trial court ruled:
Similarly, section 812.155(4)(b) uses mandatory language that failure to redeliver the property "is prima facie evidence of fraudulent intent." Obviously the statute was intended to create a presumption. Moreover, the statute creates an unconstitutional mandatory rebuttable presumption. The statute permits the State to prove the mens rea element of the offense (fraudulent intent) by proving failure to redeliver the property. It cannot be said with substantial assurance that a person not redelivering property does not have a valid legal reason. While circumstances set out in the statue may constitute evidence of a violation of a statute, they are not sufficient to create what amounts to a presumption of guilt that then must be overcome by the renter. Mandatory presumptions violate the Due Process Clause if they relieve the state of the burden of persuasion on an element of an offense. Hence, [s]ection 812.155(4)(b), Fla. Stat., is unconstitutional....
(Citations omitted.) The trial court permitted the State to proceed to trial without the benefit of the statutory presumption as a means to prove fraudulent intent.

*501 Permissive Inference or Mandatory Presumption

"Inferences and presumptions are a staple of our adversary system of fact-finding." County Court v. Allen, 442 U.S. 140, 156, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). The ultimate test of the constitutional validity of any such evidentiary device is that it "must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." Id.
To satisfy the requirements of due process, all inferences and presumptions must pass the "rational connection" test, which requires, at minimum, that it must "be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). In Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777, the Court had occasion to consider and refine what had been its somewhat confusing past treatment of inferences and presumptions. The Allen Court examined the value of these evidentiary devices and their validity under the due process clauses contained in the Fifth and Fourteenth Amendments to the United States Constitution in light of "the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently." Id. at 156, 99 S.Ct. 2213. The Court used the terms "permissive inference" and "mandatory presumption" to describe two types of evidentiary devices that will be subjected to constitutional scrutiny. Id. at 157-60, 99 S.Ct. 2213.
A permissive inference allows, but does not require, the trier of fact to infer the elemental fact from proof of a basic fact and does not place any burden on the defendant. Id. at 157, 99 S.Ct. 2213. In this situation, the basic fact may constitute prima facie evidence of the elemental fact. Id. (citing Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970)). On the other hand, a mandatory presumption tells a factfinder that he or they must find the elemental fact upon proof of the basic fact, unless the defendant offers evidence that rebuts the presumption created by the connection between the two facts. Id. Because of the differences in the two types of presumptions, the threshold inquiry in analysis of the constitutionality of a statutory presumption is to determine the type of presumption that the statute creates. Id. at 156, 99 S.Ct. 2213; see also Sandstrom v. Montana, 442 U.S. 510, 514, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).
If the statute creates a permissive inference, a party challenging it is generally required to demonstrate its invalidity as applied to him. Allen, 442 U.S. at 157, 162-63, 99 S.Ct. 2213 (citing Barnes v. United States, 412 U.S. 837, 854, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Turner, 396 U.S. at 419-24, 90 S.Ct. 642; United States v. Gainey, 380 U.S. 63, 64-65, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965)). Because a permissive inference allows a trier of fact to reject the inference and does not shift the burden of proof, "it affects the application of the `beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference." Id. at 157, 99 S.Ct. 2213. Accordingly, a permissive inference will be valid so long as, under the facts of the case, the presumed fact "more likely than not" flows from the basic fact and the inference is not the sole basis for a finding of guilt. Id. at 165, 167, 99 S.Ct. 2213. On the other hand, if, under the facts of the *502 case, it is clear that the inference is the sole basis for a finding of guilt, the fact proved must be sufficient to support the inference of guilt beyond a reasonable doubt. Id. at 167, 99 S.Ct. 2213.
If the statute creates a mandatory presumption, the Court has generally examined the presumption on its face to determine the extent to which the basic and elemental facts coincide. Id. at 158, 99 S.Ct. 2213. Because the jury must accept the mandatory presumption even if it is the sole evidence of an element of the offense and because the State bears the burden of establishing guilt, the presumed fact must flow from the basic fact beyond a reasonable doubt. See id. at 166-67, 99 S.Ct. 2213.

Florida's View
The Florida Supreme Court, when applying the U.S. Supreme Court framework regarding permissive inferences and mandatory presumptions, has numerous times construed mandatory statutory language as creating a permissive inference. In State v. Kahler, 232 So.2d 166 (Fla.1970), the court reviewed section 500.151, which provided that possession of an improperly labeled drug was prima facie evidence that such possession was unlawful. The court noted that although the law requires that the State prove each element of a criminal offense charged, the State is not required to anticipate defensive matters or exceptions. Id. at 168.
Criminal acts declaring one fact prima facie evidence or presumption of another are frequent. Their purpose is not to relieve the State of the burden of proof, but to allow the establishment of a prima facie case. Constitutional guarantees are not violated as long as there is a rational connection between the fact proven and the ultimate fact presumed and reasonable opportunity is afforded to rebut the presumption.
Id. (footnotes omitted). According to the court, statutory language providing that proof of one fact is "prima facie evidence" of another fact does not relieve the State of its burden of proof. Thus Kahler establishes that such language creates only a permissive inference (an evidentiary device that does not relieve the State of its burden).
In Hamilton v. State, 329 So.2d 283 (Fla.1976), the court relied on Kahler when construing a statute similar to the one at issue in this case. Section 509.151 prohibited obtaining lodging with the intent to defraud. Concerning proof of intent, the statute provided that "upon demand for payment being made, and there being no dispute as to the amount owed, failure to make payment shall constitute prima facie evidence of intent to defraud." Id. at 284. Quoting the above passage from Kahler, the court held that the statutory language passed constitutional muster as an inference. Id. at 285.
In State v. Rolle, 560 So.2d 1154 (Fla. 1990), the court considered a statutory presumption concerning blood alcohol evidence in DUI cases. The court construed the phrase "shall be prima facie evidence" as creating a permissive inference. The Rolle court cited the United States Supreme Court's teaching in Allen that "with a permissive inference, `the basic fact may constitute prima facie evidence of the elemental fact.'" Id. at 1157 (quoting Allen, 442 U.S. at 157, 99 S.Ct. 2213). The Rolle court noted its prior decisions to the same effect: State v. Waters, 436 So.2d 66 (Fla. 1983) (burglary); State v. Ferrari, 398 So.2d 804 (Fla.1981) (misappropriation of construction funds). Id. Thus the weight of Florida Supreme Court authority holds that such mandatory statutory language creates a permissive inference.

*503 The Present Case

Section 812.155(4)(b) provides that the failure to redeliver property within five days after receipt of, or within five days after return receipt from, the certified mailing of the demand for return "is prima facie evidence of fraudulent intent." Under Kahler, Hamilton, and Rolle, this language creates a permissive inference, not a mandatory presumption. The trial court departed from the essential requirements of the law when it reached the opposite conclusion.
The trial court relied on State v. Brake, 796 So.2d 522 (Fla.2001), which considered a statute prohibiting a convicted child sex offender from luring a child into a structure for an unlawful purpose. The statute provided that lack of parental consent "shall be prima facie evidence" of an unlawful purpose. Id. at 525 n. 1. Without acknowledging Kahler or Rolle, the Brake court held that this language created a mandatory presumption. The Brake court then proceeded to conduct a facial review of the provision and held it unconstitutional. Id. at 529. The Brake opinion does not contain an analysis of the meaning of "shall be prima facie evidence" such as the court employed in Kahler and Rolle.
Despite Brake, the weight of clearly established Florida Supreme Court authority controls. "[T]his Court does not intentionally overrule itself sub silentio." Puryear v. State, 810 So.2d 901, 905 (Fla. 2002). We find nothing in Brake to indicate that the court wished to abrogate Kahler or Rolle. Further, Kahler and Rolle contain specific analysis of the dispositive issue in this case, which is absent in Brake. The trial court applied the incorrect law.
By depriving the State of the use of the statutorily authorized permissive inference, the trial court violated clearly established principles of law resulting in a miscarriage of justice, which significantly impaired the State's ability to present its case at trial. Should Rygwelski be acquitted, the principles of double jeopardy would prevent the State from seeking review on direct appeal; thus the prejudice resulting from the trial court's erroneous order would be irreparable. See State v. Pettis, 520 So.2d 250, 253 (Fla.1988). Therefore, certiorari is an appropriate remedy at this point in the proceedings.
Because section 812.155(4)(b) creates a permissive inference, Rygwelski must make an as-applied challenge to its application under the facts of his case for the trial court to determine whether the presumed fact (fraudulent intent) is rationally connected to the proven fact (failure to return property within five days of receipt of demand for return). Given the procedural posture of this casethe only action taken was the ruling on the motion to dismiss; the parties have not submitted evidence as to the alleged violationany consideration of an as-applied challenge is premature pending further factual development.
For the guidance of the trial court and the parties on remand, the trial court should address the following question to resolve an as-applied challenge to the constitutionality of section 812.155(4)(b): If, based on the facts of the case, the inference is not the sole basis for a finding of fraudulent intent (a required element to prove guilt of the offense charged), the presumed fact must more likely than not flow from the basic fact. If, based on the facts of the case, it is clear that the inference is the sole basis for a finding of fraudulent intent, the fact proved must be sufficient to support the inference of guilt beyond a reasonable doubt.

Conclusion
The trial court departed from the essential requirements of the law by identifying *504 section 812.155(4)(b) as a mandatory presumption when, in fact, it is a permissive inference pursuant to controlling Florida precedent. Therefore, we quash the order under review and remand this case for further proceedings consistent with this opinion.
Petition granted; order quashed.
NORTHCUTT and KELLY, JJ., Concur.