ALTENBERND, Chief Judge,
Concurring.
I concur in this opinion, which is controlled by our opinion in Rygwelski, 899 So.2d 498. I write to emphasize that Ryg-welski and this case are pretrial certiorari proceedings, not direct appeals of convictions for failure to return leased equipment in violation of section 812.155, Florida Statutes (2003). In Rygwelski, we held that section 812.155(4)(b) did not create an “unconstitutional presumption” and therefore the statute was not facially invalid. 899 So.2d at 500, 503. At the end of the opinion in Rygwelski, we advised the trial court that if it were faced with an as-applied challenge to the statute, it should apply the following analysis:
If, based on the facts of the case, the inference is not the sole basis for a finding of fraudulent intent (a required element to prove guilt of the offense charged), the presumed fact must more likely than not flow from the basic fact. If, based on the facts of the case, it is clear that the inference is the sole basis for a finding of fraudulent intent, the *242 fact proved must be sufficient to support the inference of guilt beyond a reasonable doubt.
899 So.2d at 503. It appears likely that, in applying this analytical approach, the trial court will ultimately reach an outcome quite similar to the order we quash today.
Alexia Sommer Sanders allegedly entered into a rental agreement with Buddy’s Home Furnishings on February 26, 2003, and took possession of a sofa, a chair, and a spider lamp. She agreed to make rental payments totaling $1509.53. When Ms. Sanders neglected to make any payments, Buddy’s attempted to contact her by sending her a certified letter. This letter was returned undelivered, apparently because Ms. Sanders had moved without leaving a forwarding address.
Ms. Sanders’ failure to redeliver the rented furnishings within five days of the unsuccessful attempt to notify her is “pri-ma facie evidence of fraudulent intent” pursuant to section 812.155(4)(a) for the third-degree felony established by the legislature in section 812.155(3).[1] In Rygwel-sk% we held that the legislative language, “prima facie evidence of fraudulent intent,” establishes only a permissive inference and not a mandatory presumption. 899 So.2d at 503.
It seems reasonably clear to me that when the legislature enacted section 812.155(4)(a), it actually intended to create a rebuttable presumption similar to that described in section 90.301(1), (2), of the Florida Evidence Code, see § 90.301, Fla. Stat. (2003), and not a simple inference similar to that described by section 90.301(3) of the Florida Evidence Code.[2] In other words, I suspect the legislature intended to create a criminal justice system in which, if the State proved
(1) the failure to maintain an adequate address for the delivery of certified mail,
(2) after the signing of a contract containing a warning clause explaining the criminal offense, and
(3) the subsequent failure to pay the rent on the furnishings,
then the State would have proven a prima facie case of this third-degree felony. In this context, “a prima facie case” means evidence sufficient to support a jury’s verdict and a conviction. Why the legislature would want to do this, essentially encouraging the state attorney to become Buddy’s repossession and debt collection agent at state expense, is a mystery to me, but that appears to be the intent behind this statute.
In the absence of such a rebuttable presumption, the traditional rules governing circumstantial evidence apply. See State v. Law, 559 So.2d 187 (Fla.1989). As a result, proof of the three elements described above presents circumstantial evidence of intent to defraud, but also leaves open equally competing reasonable hypotheses of innocence. Maybe Ms. Sanders’ husband or boyfriend ran off with the *243 furniture, and she cannot return it. Maybe her house burned down, and the furniture was destroyed. Maybe the landlord evicted her and kept the furniture. Maybe the furniture was destroyed in a hurricane. The point is that under the law established in Law, 559 So.2d 187, mere proof that the certified letter was returned undeliverable would not actually be sufficient to establish a “prima facie case” of the intent for this crime of theft. Being poor and unable to pay your debts is still not a crime in Florida. Under the traditional rules governing circumstantial evidence, if the State proves only the three elements described above, Ms. Sanders should be entitled to a judgment of acquittal. Because our holding in Rygwelski held that the statute created a permissive inference and not a rebuttable presumption, the law regarding circumstantial evidence continues to apply.
If we were to read this statute as creating a rebuttable presumption, as I suspect the legislature intended, then the statute would have the effect of shifting the burden of proof to the defendant to provide some evidence to support a reasonable hypothesis of innocence. Ms. Sanders would be required, for example, to prove that the landlord took her 'furniture. Upon such proof, the presumption would burst and the State would be back to the rule announced in Law. It would again be required to refute the reasonable hypothesis or face a judgment of acquittal. See Law, 559 So.2d at 188.
Placing such a burden of proof on a defendant in a criminal case is a decision that should not be made lightly. Even prior to prosecution, we do not generally require defendants to make statements explaining their innocence. Admittedly, the statement explaining innocence required of a defendant under section 812.155, if it created a rebuttable presumption, would usually be a non-incriminating statement. But a defendant’s explanation of innocence might be that he is a drug addict and his drug dealer took his furniture because he could no longer afford to pay for his cocaine addiction. All in all, it is probably good that the constitution prevents this court from interpreting this statute as shifting the burden of proof to the defendant merely to make it easier for the state attorney to be Buddy’s repo man. See William R. Eleazer & Glen Weissenberger, Florida Evidence — 200^ Courtroom Manual 93 (LexisNexis 2004).
I doubt, however, that the analysis in Rygwelski will actually lead to an as-applied constitutional challenge of the statute. Once the statute is interpreted to create only a permissive inference, it seems to me that the State must present additional evidence of intent to avoid a judgment of acquittal. If it presents additional evidence of intent, then the constitutionality of the statute will no longer be at issue. If the State presents no additional evidence and the defendant receives a judgment of acquittal, she will not need to challenge the statute as applied.

. Section 812.155(3) provides:
Whoever, after hiring or leasing any personal property or equipment under an agreement to redeliver the same to the person letting such personal property or equipment ... at the termination of the period for which it was let, shall, without the consent of such person or persons and with the intent to defraud, abandon or willfully refuse to redeliver such personal property or equipment as agreed, shall, upon conviction, be guilty of a misdemeanor of the second degree ... unless the value of the personal property ... is of a value of $300 or more; in that event the violation constitutes a felony of the third degree....

. Pursuant to section 90.301(4), the Florida Evidence Code’s provisions regarding presumptions and inferences "are applicable only in civil actions or proceedings.”