**INCREDIBLE INVESTMENTS, LLC, Plaintiff,**

v.

**Katherine FERNANDEZ–RUNDLE, in her official capacity as State Attorney for Miami–Dade County, Florida, Defendant.**

**Case No. 13–22678–CIV.**

United States District Court, S.D. Florida.

Nov. 13, 2013.

Alan M. Dershowitz, Cambridge, MA, Victoria B. Eiger, New York, NY, Alan Jay Kluger, Justin Brett Kaplan, Kluger Kaplan Silverman Katzen & Levine PL, Miami, FL, for Plaintiff.

Jonathan A. Glogau, Allen C. Winsor, Attorney General's Office, Tallahassee, FL, for Defendant.

### ORDER ON MOTION

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss. (D.E. 8.)

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised of the premises.

### BACKGROUND

Plaintiff owns or operates one or more internet cafés where consumers purchase the use of internet-capable terminals on a time-basis. Plaintiff alleges that it promotes its sales in part through Game Promotions which have now been prohibited by Fla. Stat. §§ 849.094 & 849.16 (2013). On June 28, 2013, Plaintiff filed a 19–count complaint in the Circuit Court for the Eleventh Judicial Circuit mounting a constitutional challenge to Fla. Stat. §§ 849.094 & 849.16 (2013). Plaintiff seeks declaratory relief under the following theories:

(i) Fla. Stat. § 849.094, which permits only nationally advertised Game Promotions and not locally advertised Game Promotions, violates the Equal Protection Clause of the United States and Florida Constitution (Counts I & II);

(ii) Fla. Stat. § 849.094 prohibits commercial speech in violation of the First Amendment of the Constitution and Art. I, Sec. 4 of the Florida Constitution because it bans Plaintiff from utilizing Game Promotions as a method by which to market and promote the sale of a service, *i.e.* internet usage, unless it nationally advertises its Game Promotions (Counts III & IV);

(iii) Fla. Stat. § 849.16 prohibits commercial speech in violation of the First Amendment of the Constitution and Art. I, Sec. 4 of the Florida Constitution because it proscribes the methods by which the Plaintiff may engage in commercial speech, namely its Game Promotions (Counts V & VI);

(iv) Fla. Stat. § 849.16 violates the First Amendment of the Constitution and Art. I, Sec. 4 of the Florida Constitution because it proscribes expressive conduct—here, Plaintiff's Game Display methods of communicating the results of its Game Promotions (Counts VII & VIII);

(v) Fla. Stat. § 849.16 proscribes expressive conduct—here, Plaintiff's Game Display methods of communicating the results of its Game Promotions—and in so doing, violates the First Amendment of the Constitution and Art. I, Sec. 4 of the Florida Constitution by interfering with Plaintiff's access to the internet to communicate information and ideas (Counts IX & X);

(vi) Fla. Stat. § 849.16 includes a rebuttable presumption that imposes a prior restraint on protected speech, the sale or purchase of internet time on computers that display images of games of chance, in violation of the First Amendment of the Constitution and Art. I, Sec. 4 of the Florida Constitution (Counts XI & XII);

(vii) Fla. Stat. § 849.16 is unconstitutionally vague in violation of the Fifth Amendment of the Constitution and Art. I, Sec. 9 of the Florida Constitution because the definition of slot machine fails to adequately describe the prohibited machine or device such that a person of common understanding cannot know what is forbidden (Counts XIII & XIV);

(viii) Fla. Stat. § 849.16(3) creates an evidentiary presumption that relieves the State of Florida of its burden of persuasion beyond a reasonable doubt of every essential element of a crime in violation of the Due Process Clause of the Fifth Amendment to the Constitution and Art. I, Sec. 9 of the Florida Constitution (Counts XV & XVI);

(ix) Fla. Stat. § 849.16 is overbroad in violation of the First Amendment of the Constitution and the Florida Constitution because it covers both constitutional and unconstitutional applications and prohibits speech and expressive conduct, including the speech engaged in by Plaintiff in the form of the sweepstakes games (Counts XVII & XVIII); and

(x) Fla. Stat. § 849.16 is overbroad in violation of the Dormant Commerce Clause of the Constitution because it excessively regulates interstate commerce in relation to the putative local benefits (Count XIX).

On July 25, 2013, Defendant removed this action to this Court, pursuant to 28 U.S.C. §§ 1441(a) & 1446. On August 12, 2013, Defendant moved to dismiss the Complaint in its entirety pursuant to Fed. R.Civ.P. 12(b)(6). The motion is now fully briefed and ripe for review.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, the Court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir.2010). Conclusory allegations will not suffice; the complaint must allege sufficient facts to state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). This means that the factual content of the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir.2008)).

## DISCUSSION

■ With respect to all claims, Plaintiff seeks relief under the Florida Declaratory Judgment Act, Fla. Stat. § 86.021, and with respect to the odd-numbered claims, Plaintiff also seeks relief under 42 U.S.C. § 1983. As a threshold matter, the Court will apply the federal Declaratory Judgment Act, not the Florida Declaratory Judgment Act, to this action. Under the Florida Declaratory Judgment Act, only "[t]he circuit and county courts have jurisdiction ... to declare rights, status, and

other equitable or legal relations...." Fla. Stat. § 86.011. Additionally, in line with the recent trend among federal courts in Florida, the Court finds that Florida's Declaratory Judgment Act is procedural. *See Nirvana Condo. Ass'n v. QBE Ins. Corp.,* 589 F.Supp.2d 1336, 1343 n. 1 (S.D.Fla.2008) (finding that Florida's Declaratory Judgment Act is a "procedural mechanism" and applying the federal Declaratory Judgment Act); *200 Leslie Condo. Ass'n v. QBE Ins. Corp.,* No. 10–61984–CIV, 2011 WL 2470344, at *5 (S.D.Fla. June 21, 2011). For these reasons, we construe the claims based on Florida's Declaratory Judgment Act as an action for declaratory relief pursuant to the federal Declaratory Judgment Act found at 28 U.S.C. § 2201.[1]

■ The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. In order to obtain declaratory relief under Section 2201, Plaintiff "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Walden,* 669 F.3d at 1284. "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d

1342, 1347 (11th Cir.1999) (quoting *Emory v. Peeler,* 756 F.2d 1547, 1552 (11th Cir. 1985)) (internal quotations omitted).

■ The Supreme Court has held that "where threatened action by *government* is concerned, ... a plaintiff [is not required] to expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128–29, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). Furthermore, "[t]he plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction ... because the threat-eliminating behavior was effectively coerced." *Id.* at 129, 127 S.Ct. 764. "The dilemma posed by that coercion—putting the challenger to the choice between abandoning his rights or risking prosecution—is 'a dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate.'" *Id.* (quoting *Abbott Lab. v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

■ Construing the allegations in the Complaint as true and in the light most favorable to the Plaintiff, the Court concludes that the allegations are sufficient to satisfy the actual controversy requirement of 28 U.S.C. § 2201. Plaintiff need not continue to operate its business and expose itself to liability in order to challenge the constitutionality of the statutes. Plaintiff alleges that as a result of its fear of imminent enforcement of Fla. Stat. §§ 849.16[2]

1. The Court notes that Florida courts have found its Declaratory Judgment Act to be substantive. *See* Fla. Stat. § 86.101; *Higgins v. State Farm Fire & Cas. Co.,* 894 So.2d 5, 11 (Fla.2004). As a practical matter, however, the analysis under the Florida Declaratory Judgment Act and the federal Declaratory Judgment Act is the same. *Compare Walden v. Ctrs. for Disease Control & Prevention,* 669

F.3d 1277, 1284 (11th Cir.2012), *with State of Florida Dep't of Envtl. Prot. v. Garcia,* 99 So.3d 539, 545 (Fla.Dist.Ct.App.2011).

2. Fla. Stat. § 849.16, as amended, arguably defines "slot machine or device" to encompass the computers in Plaintiff's internet cafés. Fla. Stat. § 849.15 criminalizes the ownership or operation of such devices.

& 849.094, it has been forced to cease promoting the sale of internet access at its internet cafés using Game Promotions because: (i) Fla. Stat. § 849.094 only permits nationally advertised Game Promotions; (ii) pursuant to Fla. Stat. § 849.094(8)(b), Plaintiff's compliance with the rules of the Department of Agriculture and Consumer Services, the agency charged with promulgating rules and regulations respecting the operation of Game Promotions, is not a defense to a charge of possession of a slot machine or device; (iii) the amended definition of slot machine found at Fla. Stat. § 849.16(1) now includes Plaintiff's computer terminals and networks in its internet cafés; and (iv) under Fla. Stat. § 849.16(3) there is a rebuttable presumption that Plaintiff's computer terminals and networks are prohibited slot machines because they are used to display images of games of chance and are part of a scheme involving payment, money or anything of value. (Compl. ¶ 52–56; Opp'n at 17.) Lastly, Plaintiff alleges that the statutes "have rendered the Plaintiff's business practices arguably unlawful thereby depriving the Plaintiff of its property rights in a fashion that violates the fundamental rights afforded under the United States Constitution." (Compl. ¶ 5.) Thus, the Court finds that Plaintiff has alleged a sufficient injury.

▆▆ Alternatively, Plaintiff seeks declaratory relief pursuant to 42 U.S.C. § 1983 as to the odd-numbered counts of its Complaint. To state a Section 1983 claim, a plaintiff must allege that the defendant acted under color of state law to deprive the plaintiff of a federal right. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) & *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State … or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 49, 108 S.Ct. 2250. (internal quotation marks and citations omitted). "State employment is generally sufficient to render the defendant a state actor." *Id.* (internal quotation marks and citations omitted). The "under color of state law" requirement is satisfied here because Fla. Stat. §§ 849.16 & 849.094 were enacted and amended by the Florida Legislature and as the State Attorney for Miami–Dade County, the Defendant is charged with enforcing the statute.

The facts that a plaintiff must plead in order to allege the violation of a federal right depend upon the right allegedly violated—here, the Plaintiff alleges violations of the First, Fifth and Fourteenth Amendments as well as the Dormant Commerce Clause. *See, e.g., Iqbal*, 556 U.S. at 676, 129 S.Ct. 1937 (explaining that "[w]here the claim is invidious discrimination in contravention of the First and Fifth Amendments, … the plaintiff must plead and prove that the defendant acted with discriminatory purpose"). The Court will address each count alleged in the Complaint in turn.

### Discussion: First Amendment

Counts III through XII and Counts XVII through XVIII raise claims arising under the First Amendment of the Constitution or Article I, Section 4 of the Florida Constitution. For the reasons below, the Court finds that Plaintiff has failed to allege sufficient facts to state a claim to relief and as a result, these claims will be dismissed.

*Count III*

▆▆ In Count III, Plaintiff alleges that its "Game Promotions constitute commercial speech in that they promote the sale of a product or service" and in viola-

tion of the First Amendment, Fla. Stat. § 849.094 "completely bans the Plaintiff from utilizing Game Promotions as a method by which to market and promote the sale of goods and services ... unless it nationally advertises its Game Promotions." (Compl. ¶¶ 90, 93, 96.) The goods and services Plaintiff refers to are internet time and internet-capable computers in its internet cafés. (Compl. ¶ 21.) Defendant argues that Count III fails because Plaintiff misreads the statute and even if Plaintiff's reading of the statute were correct, Game Promotions are a form of gambling, which implicates no constitutionally protected right, so the Florida Legislature can completely ban them or selectively allow them. (Def's Mot. Dismiss at 4–5.)

■ Before the Court can reach the question of whether Fla. Stat. § 849.094 impinges on Plaintiff's First Amendment commercial speech rights, the Court must first determine whether the activity at issue, Game Promotions, rises to the level of commercial speech. Commercial speech is "defined as speech that does no more than propose a commercial transaction." *United States v. United Foods, Inc.*, 533 U.S. 405, 409, 121 S.Ct. 2334, 150 L.Ed.2d 438 (2001); *Cent. Hudson Gas and Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) (finding that commercial speech is "expression related solely to the economic interests of the speaker and its audience").

Although the threshold is low, the Court finds that Plaintiff has failed to allege how the Game Promotions constitute commercial speech protected by the First Amendment. Plaintiff has not provided any information about the content of the Game

Promotions and thus, there is nothing in the record to show that the Game Promotions are advertising plaintiff's business.[3] Plaintiff's allegations that the Game Promotions "stimulate interest in their consumer products (internet time) and services (internet-capable computers), as well as promote the sale thereof" and "entitle the consumer to win prizes" are insufficient to convey the content of the speech. (Compl. ¶ 21.) Moreover, Plaintiff's allegation that its "Game Promotions constitute commercial speech in that they promote the sale of a product or service" (Compl. ¶ 90) is a conclusion of law, which is equally insufficient to state a plausible claim to relief. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

The Court need not reach whether the Plaintiff satisfies the four-factor test set forth in *Central Hudson* because the Plaintiff has not provided any facts to support the conclusion that its Game Promotions are commercial speech.

Even if the Court were to find that Plaintiff's Game Promotions constitute commercial speech, the Court finds that Section 849.094 does not ban Plaintiff from utilizing its Game Promotions unless it nationally advertises them. As amended, Fla. Stat. § 849.094(1)(b) defines an operator as "a retailer who operates a game promotion *or* any person, firm, corporation, organization, or association or agent or employee thereof who promotes, operates, or conducts a nationally advertised game promotion." (emphasis added). Section 849.094(1)(b) clearly allows for an operator to be a retailer who operates a Game Promotion regardless of whether the retailer advertises nationally. Although retailer is not defined in the stat-

---

**3.** The Complaint does not describe the content of the Game Promotions or Game Displays. While it might be challenging to convey in words a sufficient description to permit meaningful consideration, Plaintiff could attach screen shots of the Game Promotions and Game Displays to assist the Court.

ute, a retailer is generally understood to be one who sells something in small quantities to the ultimate consumer. *See* Merriam–Webster Dictionary (2013). Plaintiff, by its own allegations, is a retailer because it "deliver[s] customers a conduit to the internet by providing internet-capable terminals (computers) and sell[s] consumers access to those terminals on a time-basis at competitive rates." (Compl. ¶ 13.) Therefore, the Court agrees with the Defendant that Plaintiff misreads the statute.

In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Plaintiff makes the argument that because the definition of operator includes the definition of game promotion "it is only retailers who conduct promotions in Florida and elsewhere that fall within the definition of operators." (Opp'n at 17.) Game Promotion is defined as "a contest, game of chance, sweepstakes, or gift enterprise, conducted by an operator within or throughout the state *and* other states...." Fla. Stat. § 849.094(1)(a) (emphasis added). Setting aside Plaintiff's argument in its Opposition to the Motion to Dismiss on whether an operator must conduct its game promotions within and without Florida, Count III is based on Plaintiff's allegations that it must nationally advertise its Game Promotions in order to conduct them, not that it must conduct its Game Promotions within and without Florida. The Complaint is devoid of any allegations to support the argument Plaintiff sets forth in its Opposition to the Motion to Dismiss. Therefore, Count III will be dismissed.

*Count V*

■ In Count V, Plaintiff alleges that its "Game Promotions constitute commercial speech" and Fla. Stat. § 849.16 "unconstitutionally proscribes the methods by which the Plaintiff may engage in such commercial speech, and therefore infringes on protected commercial speech." (Compl.

¶¶ 115 & 117.) The Court finds that Count V will be dismissed for the same reasons Count III will be dismissed. As discussed above, Plaintiff has failed to allege any facts to support the conclusion that its Game Promotions constitute commercial speech.

■ Moreover, Plaintiff's allegation that Section 849.16 proscribes the methods by which Plaintiff may engage in commercial speech—Plaintiff's Game Promotions which provide sweepstakes game entries that entitle the consumer to win prizes—is insufficient to show a First Amendment violation. Even assuming that the Game Promotions are commercial speech entitled to some First Amendment protection, the allegations are insufficient to support the conclusion that Section 849.16 unconstitutionally proscribes the methods by which Plaintiff may engage in commercial speech.

■ In order to pass constitutional muster, a restriction on the manner in which Plaintiff engages in commercial speech must be content neutral, leave open alternative channels of speech, be narrowly tailored and serve a substantial government interest. *First Vagabonds Church of God v. City of Orlando,* 638 F.3d 756, 761 (11th Cir.2011). Plaintiff alleges that Section 849.16 imposes a restriction on the manner in which Plaintiff carries out its Game Promotions. (Compl. ¶ 117.) Plaintiff does not allege that Section 849.16 completely bans all Game Promotions; instead, Plaintiff alleges that Section 849.16 specifically targets its business practices. (Compl. ¶ 52.) Plaintiff's allegations suggest that Section 849.16 leaves open alternative channels to conducting its Game Promotions because Plaintiff can choose to reveal the results of its Game Promotions without the use of computers (Compl. ¶ 26) or by using paper entries that reveal the

results through scratch-offs and pull-tabs (Compl. ¶ 29).

The requirement that the restriction be content neutral also appears to be satisfied here. Fla. Stat. § 849.15 makes it unlawful to, among other things, own, keep, or permit the operation of a slot machine. Section 849.16 defines a slot machine as a machine, device or network of devices that upon activation by an account number, code, or other information entitles the user, through the application of skill or an element of chance, to receive an item of value. Arguably, Plaintiff's computer terminals fall into the definition of slot machine because they are unlocked by a cashier and the consumer, through an element of chance, may win a prize. (Compl. ¶¶ 16, 21, 32–33.) A plain reading of Section 849.16 shows that Plaintiff is prohibited from using its computer terminals in a manner in which a user, through skill or chance, may receive an item of value. Sections 849.15 and 849.16 target conduct and operate irrespective of the content of the Game Promotions.

Lastly, the Court finds that the restriction can serve a substantial government interest in "ensur[ing] that a game promotion in connection with the sale of a consumer product or service is not subject to abuse or interpreted in any manner as creating an exception to Florida's general prohibitions against gambling." (Motion to Dismiss at 2 (quoting Fla. Laws Ch. 2013–2, § 1(5) at 2)) (internal quotations omitted).

For these reasons, even if the Court were to assume that Plaintiff's Game Promotions are commercial speech and Section 849.16 proscribes the method of carrying out the Game Promotions, the restriction would appear to be constitutional because it is narrowly tailored to prohibit Game Promotions that operate as games of chance, Plaintiff is free to conduct its Game Promotions in an alternate manner, the restriction is content-neutral and it can operate to serve significant government interests. As a result, Count V will be dismissed.

*Count VII*

In Count VII, Plaintiff alleges that Fla. Stat. § 849.16 unconstitutionally proscribes expressive conduct in that it proscribes the Plaintiff's Game Display methods of communicating the results of its Game Promotions on its internet-capable computers. (Compl. ¶¶ 136–37.) The Plaintiff further alleges that its Game Display "utilizes creative videogames to communicate the results of each entry through the use of interactive artwork, storylines, symbols, and text." (Compl. ¶ 28.)

Before the Court can reach the question of whether Fla. Stat. § 849.16 impinges on Plaintiff's First Amendment rights, the Court must first determine whether the Plaintiff's Game Displays are "sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments." *Spence v. State of Washington,* 418 U.S. 405, 409, 94 S.Ct. 2727, 41 L.Ed.2d 842 (1974). To determine whether an act is expressive conduct, this Court must determine whether an "intent to convey a particularized message was present" and "in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Dimmitt v. City of Clearwater,* 985 F.2d 1565, 1569 n. 2 (11th Cir.1993) (quoting *Spence,* 418 U.S. at 410–11, 94 S.Ct. 2727) (internal quotation marks omitted). If explanatory speech is necessary, it is strong evidence that the conduct at issue is not inherently expressive to rise to the level of First Amendment protection. *Rumsfeld v. Forum for Academic & Institutional Rights,* 547 U.S. 47, 65–66, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006).

■ Plaintiff alleges that what is banned by the Section 849.16 is the communication of the results of the Game Promotions through the use of Game Displays. Plaintiff does not allege that Section 849.16 bans the video game aspect of the Game Displays. ("The messages the Game Display graphics communicate are distinct from and independent of the Game Promotion results . . . ." Compl. ¶ 36.) Therefore, there is nothing in the record that shows that the communication that is allegedly banned by Section 849.16 is anything more than whether the consumer has won or lost. Communicating the results of the Game Promotions does not rise to the level of First Amendment protection because informing a consumer that he or she has won or lost does not communicate ideas. *See Brown v. Entm't Merchs. Ass'n,* —— U.S. ——, 131 S.Ct. 2729, 2733, 180 L.Ed.2d 708 (2011); *There to Care, Inc. v. Comm'r of Indiana Dep't of Revenue,* 19 F.3d 1165, 1167 (7th Cir.1994).

Moreover, the Court finds that Plaintiff has not alleged sufficient facts to show that Fla. Stat. § 849.16 imposes a ban on Plaintiff's Game Display. As discussed above with respect to Count V, Sections 849.15 and 849.16 target conduct and operate irrespective of the content of the Game Displays. Therefore, Count VII will be dismissed.

*Count IX*

In Count IX, Plaintiff alleges that Fla. Stat. § 849.16 proscribes expressive conduct—here, Plaintiff's Game Display methods of communicating the results of its Game Promotions—and in so doing, violates the First Amendment of the Constitution by interfering with Plaintiff's access to the internet for the purpose of communicating information and ideas. (Compl. ¶¶ 159–61.)

As discussed above with respect to Count VII, simply communicating to a consumer whether he or she has won or lost

does not rise to the level of First Amendment protection. And Plaintiff has failed to allege sufficient facts to allow the Court to assess whether the Game Display methods of communicating the results of its Game Promotions contain sufficient content to implicate the First Amendment. Plaintiff has alleged only that the "messages the Game Display graphics communicate are distinct from and independent of the Game Promotion results." (Compl. ¶ 36.) Accordingly, Count IX will be dismissed.

*Count XI*

■ In Count XI, Plaintiff alleges that Fla. Stat. § 849.16 "includes a presumption that any device, system, or network like the Plaintiff's computers that displays images of games of chance is an illegal slot machine." (Compl. ¶ 184.) Plaintiff further alleges Section 849.16 "attempt[s] to proscribe speech before it occurs" and "imposes[s] a prior restraint on protected expression, resulting in an unconstitutional effect on speech." Although unclear, Plaintiff seems to be alleging that Fla. Stat. § 849.16 operates as a prior restraint upon the sale or purchase of internet time on computers that display images of games of chance. (Compl. ¶ 184.)

■ The distinction between a prior restraint and a criminal sanction or the threat of a criminal sanction is clear. *Alexander v. United States,* 509 U.S. 544, 549–51, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993); *Cooper v. Dillon,* 403 F.3d 1208, 1215–16 (11th Cir.2005). A prior restraint is defined as "the government's denial of access to a forum for expression before the expression occurs," requiring permission from the government to engage in constitutionally-protected expression. *Indigo Room, Inc. v. City of Fort Myers,* 710 F.3d 1294, 1299 (11th Cir.2013) (quoting *United States v. Frandsen,* 212 F.3d 1231, 1236–37 (11th Cir.2000)). In contrast, the

threat of a criminal sanction does not forbid an individual or entity from engaging in any expressive activities, nor does it require approval for any expressive activities. *Alexander,* 509 U.S. at 550–51, 113 S.Ct. 2766. "[T]he threat of criminal sanctions imposed after [an activity] is precisely the kind of restriction that the Court has deemed insufficient to constitute a prior restraint." *Cooper,* 403 F.3d at 1215–16. That Section 849.16 is not a prior restraint is underscored by the fact Plaintiff has not alleged that it needs to seek approval from the government prior to its sale of internet time on computers that display images associated with its Game Promotions or even games of chance.

In addition, on its face, Section 849.16 does not ban the sale of internet time on computers that display images of games of chance. It is only clear from the face of the statute that computers used to display images of games of chance that are part of a scheme involving any payment of money or its equivalent and awarding anything of value is banned. Therefore, Plaintiff has failed to allege sufficient facts to show how Section 849.16 imposes a prior restraint on the sale of internet time on computers that display images of games of chance and as a result, Count XI will be dismissed.

*Count XVII*

█ In Count XVII, Plaintiff alleges that Fla. Stat. § 849.16 is "overbroad in that it covers both constitutional and unconstitutional applications, and prohibits speech and expressive conduct that is otherwise protected by the United States Constitution, including the speech engaged in by Plaintiff in the form of the sweepstakes games." (Compl. ¶ 248.) A statute is overbroad "if it prohibits a substantial amount of protected speech." *United States v. Williams,* 553 U.S. 285, 292, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008).

█ It is well settled that the overbreadth doctrine does not apply to commercial speech. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (quoting *Central Hudson,* 447 U.S. at 565 n. 8, 100 S.Ct. 2343). And in the event Plaintiff is alleging that Section 849.16 is overbroad because it covers Plaintiff's Game Display methods of communicating the results of its Game Promotions, the Court has already found merely communicating to a consumer whether he or she has won or lost does not rise to the level of First Amendment Protection. Therefore, Count XVII will be dismissed.

*Counts IV, VI, VIII, X, XII & XVIII*

The counterpart state law claims that arise under Art. I, Sec. 4 of the Florida Constitution fail for the reasons stated above. *See The Florida Bar v. Fetterman,* 439 So.2d 835, 839–40 (Fla.1983) (applying federal law on commercial speech to commercial speech claim under Florida Constitution); *Dep't of Educ. v. Lewis,* 416 So.2d 455, 461 (Fla.1982) ("The scope of the protection accorded to freedom of expression in Florida under Article I, Section 4 is the same as is required under the First Amendment."); *State v. Globe Commc'n Corp.,* 622 So.2d 1066, 1075 (Fla.Dist.Ct. App.1993) (addressing a prior restraint claim under the Florida Constitution and noting that Florida courts have tended to merge the state analysis with the federal analysis). Counts IV, VI, VIII, X, XII and XVIII will be dismissed.

### Discussion: Fifth Amendment

In Counts XIII through XVI, Plaintiff alleges that Fla. Stat. § 849.16 violates due process guarantees under the federal and Florida Constitution because it is vague and creates an improper evidentiary presumption of illegality. For the reasons set forth below, Plaintiff has failed to allege

enough facts to state a claim for relief and as a result, these claims will be dismissed.

*Count XIII: Void for Vagueness Claim*

 Plaintiff alleges that Section 849.16 "fails to adequately describe the prohibited machine or device such that a person of common understanding cannot know what is forbidden" and "provides the opportunity for arbitrary and discriminatory enforcement by law enforcement in all its applications, in violation of fundamental notions of due process." (Compl. ¶¶ 207 & 209.) Plaintiff further alleges that Section 849.16 "unconstitutionally prohibits expressive conduct protected by the Fifth Amendment to the United States Constitution." (Compl. ¶ 209.) "Vagueness arises when a statute is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application." *Indigo Room, Inc.,* 710 F.3d at 1301 (quoting *Mason v. Fla. Bar,* 208 F.3d 952, 958 (11th Cir.2000)). A court will "review statutes for vagueness concerns only when a litigant alleges a constitutional harm." *Indigo Room, Inc.,* 710 F.3d at 1301 (quoting *Bankshot Billiards, Inc. v. City of Ocala,* 634 F.3d 1340, 1349 (11th Cir.2011)). When a litigant asks the court to review a vague statute prior to its enforcement, the harm is that "the litigant is chilled from engaging in constitutionally protected activity." *Id.*

 Plaintiff has failed to allege a constitutional harm. The alleged constitutional harm Plaintiff refers to is the prohibition of expressive conduct, its use of Game Displays to communicate the results of its Game Promotions. As discussed above, merely announcing whether a consumer has won or lost does not amount to expressive conduct. Although Plaintiff may be "chilled from engaging in an activity in which it once engaged, that activity is not constitutionally protected; rather, it is normal business activity." *Indigo Room,*

*Inc.,* 710 F.3d at 1301 (quoting *Bankshot Billiards, Inc.,* 634 F.3d at 1350). Therefore, Count XIII will be dismissed.

*Count XV: Due Process Claim*

Plaintiff alleges that Fla. Stat. § 849.16(3) "creates an evidentiary presumption that relieves the State of Florida of its burden of persuasion beyond a reasonable doubt of every essential element of a crime" and "violates the Due Process Clause." (Compl. ¶¶ 224–25.) According to Plaintiff, Section 849.16(3) presumes that "any device, system, or network like the Plaintiff's computers that displays images of games of chance is an illegal slot machine." (Compl. ¶ 223.)

In order to show that an evidentiary or rebuttable presumption violates the Due Process Clause, Plaintiff must show that the presumption "relieve[s] the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). The focus is on the specific language challenged. *Id.* at 315, 105 S.Ct. 1965.

 In full, Section 849.16(3) states: There is a rebuttable presumption that a device, system, or network is a prohibited slot machine or device if it is used to display images of games of chance and is part of a scheme involving any payment or donation of money or its equivalent and awarding anything of value.

Contrary to Plaintiff's allegation, on its face, Section 849.16(3) requires more than just a finding that a device, system or network displays images of games of chance in order to conclude that it is an illegal slot machine. It is clear from the statute that the images of games of chance must accompany a scheme involving money, its equivalent or something of value.

Therefore, Plaintiff has not alleged sufficient facts to show that Section 849.16(3) violates the Due Process Clause and as a result, Count XV will be dismissed.

*Counts XIV and XVI*

The counterpart state law claims that arise under Art. I, Sec. 9 of the Florida Constitution fail for the reasons stated above. *See Fla. Ass'n of Prof'l Lobbyist, Inc. v. Div. of Legislative Info. Servs.,* 525 F.3d 1073, 1076 n. 3 (11th Cir.2008) (noting that the same test applies for vagueness challenges brought under the Florida and United States Constitution); *State v. Rygwelski,* 899 So.2d 498, 502 (Fla.2005) (analyzing Florida law on rebuttable presumptions and as with the framework under the federal Constitution, noting that Florida law "requires that the state prove each element of a criminal offense"). Counts XIV and XVI will be dismissed.

### Discussion: Equal Protection Clause of the Fourteenth Amendment

■■■ In order to state a valid equal protection claim, Plaintiff must allege that the statute in question either singles out a suspect class or impinges on a fundamental right. *Estate of McCall ex rel. McCall v. United States,* 642 F.3d 944, 950 (11th Cir.2011). If the statute does not fulfill either of these requirements, the statute is subject to a rational-basis review. *Id.* "When applying rational basis review, [a court] must uphold the statute against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* Furthermore, under such a review, Plaintiff has the burden "to negative every conceivable basis which might support [the classification]." *Id.* (internal quotation marks omitted.)

As with Count III, Plaintiff's claim is based upon a misreading of the Fla. Stat. § 849.094. Plaintiff alleges that Section 849.04 "violates the Plaintiff's right to equal protection under the law because similarly situated businesses that happen to advertise game promotions nationally rather than locally are expressly permitted to employ the use of game promotions, but the Plaintiff is prevented from doing so unless it opts to advertise same nationally." (Compl. ¶ 65.) As discussed in detail above, Plaintiff is a retailer and therefore is not foreclosed from operating a Game Promotion based upon where it advertises. Therefore, Count I will be dismissed.

With respect to Count II, Plaintiff cites no authority that definitively shows that it is entitled to equal protection rights under Article I, Section 2 of the Florida Constitution, which is expressly limited to "natural persons." Therefore, Count II will be dismissed.

### Discussion–Dormant Commerce Clause

■■■ Pursuant to U.S. Const., Art. I, § 8, cl. 3, Congress has the power "[t]o regulate Commerce . . . among the several States . . . ." "Although the Constitution does not in terms limit the power of States to regulate commerce, [the Supreme Court has] long interpreted the Commerce Clause as an implicit restraint on state authority, even in the absence of a conflicting federal statute." *United Haulers Ass'n v. Oneida–Herkimer Solid Waste Mgmt. Auth.,* 550 U.S. 330, 338, 127 S.Ct. 1786, 167 L.Ed.2d 655 (2007); *see also Bainbridge v. Turner,* 311 F.3d 1104, 1108 (11th Cir.2002) ("Although the clause speaks literally only to the powers of Congress, it is well settled that it has a 'dormant' aspect as well, namely, one that serves as 'a substantive restriction on permissible state regulation of interstate commerce.' "). To determine whether a statute violates the Dormant Commerce Clause, a court must assess whether it discriminates on its face against interstate commerce, which means it treats in-state economic interests differently than out-of-state economic interests. *United Haulers*

*Ass'n,* 550 U.S. at 338, 127 S.Ct. 1786. Plaintiff does not allege that Fla. Stat. § 849.16 is discriminatory. (Opp'n at 15–16.) Instead, Plaintiff relies on *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970), in support of its argument that the burden imposed on interstate commerce by Section 849.16 is excessive in relation to the putative local benefits. (*Id.*)

However, Plaintiff fails to allege any facts in support of its conclusory allegations that Section 849.16 excessively burdens interstate commerce. In its Complaint, Plaintiff merely states that Section 849.16 "regulate[s] or proscribe[s] conduct that the State of Florida is powerless to regulate or proscribe such as, for example, on-line auctions, 'march madness pools,' or library book reservation systems." (Compl. ¶ 267.) Plaintiff goes on to state "accordingly [Section 849.16] impermissibly and excessively regulate[s] interstate commerce" and that the "burden imposed on such commerce is excessive in relation to the putative local benefits." (Compl. ¶ 268–69.) These bare bones allegations and threadbare recitals of the elements of a claim under the Dormant Commerce Clause are insufficient to state a violation of the Dormant Commerce Clause and as a result, Count XIX will be dismissed.

### CONCLUSION

For the foregoing reasons, Counts II, XI, and XII are dismissed with prejudice. The remaining counts are dismissed without prejudice although the Court questions whether Counts V, VI, XV, XVI, XVII and XVIII can be amended to survive a subsequent motion pursuant to Fed.R.Civ.P. 12(b)(6) or a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). It is hereby

ORDERED AND ADJUDGED that the motion (D.E. 8) is GRANTED. It is further

ORDERED AND ADJUDGED that Plaintiff may file an amended complaint within 10 days of the entry of this order.