439 So.2d 835 (1983)
THE FLORIDA BAR, Complainant,
v.
Evan I. FETTERMAN, Respondent.
No. 60731.
Supreme Court of Florida.
July 28, 1983.
*836 John F. Harkness, Jr., Executive Director, and Stanley A. Spring, Staff Counsel, Tallahassee, Cynthia Prettyman and Michael D. Powell, Bar Counsels, Fort Lauderdale, and Robert V. Romani of Farish, Farish & Romani, West Palm Beach, for complainant.
John J. Pine, North Palm Beach, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on respondent's petition for review. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent practices law in Palm Beach County under the name of "The Law Team, Fetterman and Associates" and has used this name in advertising certain available legal services provided by his firm, as well as including such name on his firm's letterhead.
The complaint of The Florida Bar asserts that the use of "The Law Team, Fetterman and Associates" constitutes unethical practice under a trade name, that the use of "Associates" is inherently misleading to the public in that it connotes the assemblage of more than two lawyers together in the practice of law, and finally that past radio advertisements utilizing the words "The Law Team, Fetterman and Associates" were misleading.
Respondent counters by asserting that "The Law Team" does not constitute a trade name under established principles and case law, and further asserts that "Associates" is not inherently misleading to the public. Respondent further contends that even if "The Law Team" is deemed to be a trade name as contemplated by the Florida Code of Professional Responsibility, trade names are not misleading to the public per se, but rather are, at worst, only potentially misleading. Respondent argues that the public has not, in fact, been misled or deceived because of his use of the words "The Law Team, Fetterman and Associates," and *837 moreover, there is no strong possibility of the public's being misled in the future.
Respondent seeks review of various findings of fact and recommendations made by the referee in his report, pertinent parts of which are set forth below.
FINDINGS OF FACT
COUNT I
Respondent, starting in January 1980, utilized the words "Fetterman and Associates" to identify his law practice; the respondent utilized the words "The Law Team, Evan Fetterman and Associates" in newspaper advertising, radio advertising and on his office stationery; the respondent authorized and directed the phrase "The Law Team" to be used in radio and newspaper advertising and on his legal stationery; The Florida Bar has never received public complaint on the use of the terminology "The Law Team."
COUNT II
From January 1980 to the present the respondent continues to utilize the words "Evan Fetterman and Associates," and during this time the respondent usually had one, but never more than two salaried attorneys working for him; The Florida Bar never received a complaint from the public regarding the use of the terminology.
COUNT III
Respondent commenced radio advertising of his law practice in May 1980; the radio advertising utilized the name of "The Law Team of Fetterman and Associates" to identify respondent's law practice; these radio advertisements appeared at different times during the course of a day, and were played on three different radio stations during the period from May 1980 to October 1980 at which time they ceased, and to the present have not been aired again. Again, there was no evidence presented that The Florida Bar received any public complaints on these radio advertisements utilized by respondent.
RECOMMENDATIONS AS TO GUILT
COUNT I
I recommend that respondent be found guilty of violating Florida Bar Code of Professional Responsibility D.R. 2-102(A) and 2-102(B).
COUNT II
I recommend that respondent be found guilty of violating Florida Bar Code of Professional Responsibility D.R. 2-101(A), D.R. 2-101(B)(1) and D.R. 2-102(A).
COUNT III
I recommend that respondent be found guilty of violating Florida Bar Code of Professional Responsibility D.R. 2-101(C)(5) and 2-101(C)(6).
RECOMMENDATIONS AS TO DISCIPLINE
1. I recommend that the respondent be enjoined immediately from the use of the term "Law Team" in any of his present or future advertisements; that any future advertisements utilize the language "The Law Office,"
2. I recommend that the respondent be enjoined immediately from the use of the term "and Associates" in any of his present or future advertisements; and that any future advertisements utilize solely language stating "The Law Office of Evan Fetterman,"
3. I recommend that the respondent be enjoined immediately and told privately to cease and desist in the use of radio advertising as set forth in The Florida Bar's Exhibit # 4,
4. I recommend that if the respondent fails to comply with the referee's recommendations set forth in # 1, # 2, and # 3, above, that The Florida Bar prepare a complaint citing the respondent with direct contempt, remanding the Complaint *838 to the referee for an appropriate finding of fact and recommendations,
5. I recommend that the Supreme Court of Florida assess the costs of this proceeding against the respondent, with said costs in the amount to be determined by appropriate affidavit to be submitted to the referee by the complainant and forwarded to the Supreme Court for final approval.
The Florida Bar Code of Professional Responsibility does not strictly prohibit practice under a trade name, but rather prohibits use of any name "that is misleading as to the identity, responsibility or status of those practicing thereunder... ." Fla. Bar Code Prof.Resp., D.R. 2-102(B).
Stated another way, the crucial inquiry in this case is not whether a trade name is being employed, because we expressly find that it is, but rather it is whether the trade name "The Law Team" as it is employed by respondent is offensive either because it is inherently misleading to the public or because it is operatively misleading. Matter of RMJ, 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982); Ohralik v. Ohio State Bar Association, 436 U.S. 447, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978); Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977).
Since no evidence that the public was actually deceived or misled was presented, our inquiry must concern whether or not the use of "The Law Team" is inherently misleading as employed by respondent so as to justify proscription of its use in respondent's firm name as well as in commercial advertisements. Whether or not a particular trade name is to be deemed inherently misleading will depend upon the particular facts and circumstances of each case. RMJ, 102 S.Ct. at 938 n. 16.
Respondent argues that "The Law Team" is no more misleading to the public than the tolerated usages of "Law Clinic" and "Legal Clinic," in that such words are merely descriptive terms not associated with any one law firm. The Bar contends that "The Law Team" is inherently misleading in that the public is left unsure as to the identity, responsibility or status of persons practicing thereunder.
We find no reason for distinguishing "Law Team" from "Law Clinic." Both terms suggest the assemblage of a number of professionals under a single heading. The firm name of "Legal Clinic of Bates and Osteen" was approved by the Supreme Court in Bates. Were respondent to practice solely under the name of "The Law Team" without his name also appearing in conjunction therewith, then such usage would be inherently misleading because in such case the public would not be made aware of who is to be held accountable for the firm's actions.
The layman coming to "The Law Team, Fetterman and Associates" for legal assistance is made aware of respondent's identity and responsibility for the actions of the firm by virtue of his name appearing in the firm name, the same as if it were identified as a law clinic. Respondent's status is facially at least that of a lawyer practicing under his own name with the assistance of lawyer-employees or associates as that term of art is to be understood in the legal-professional context.
Therefore we do not find "The Law Team, Fetterman and Associates" to be an inherently misleading trade name as it is employed by respondent in conjunction with his own name. Consequently, we find no violation of Florida Bar Code of Professional Responsibility D.R. 2-102(A) or D.R. 2-102(B).
The Bar takes issue with the use of "Associates" in respondent's firm name. Although we are aware of the fact that the word "Associates" can have multiple meanings depending upon the context in which it is being employed, we decline to accept The Bar's position that it is not capable of precise definition in a legal-professional context.
An associate is a salaried lawyer-employee who is not a partner of the firm. All other non-lawyer employees are to be considered simply employees and not associates. This category of employees includes *839 paralegals, secretaries, non-lawyer clerks, officer managers and the like. When the word associates is employed on firm letterhead or in commercial advertisement such term refers to lawyers working in the firm who are employees of the firm and not partners.
Having limited the definition of the word associates as it is to be applied in the legal-professional context we now consider The Bar's contention that respondent's use of "Associates" constitutes a violation of Florida Bar Code of Professional Responsibility D.R. 2-101(A), D.R. 2-101(B)(1) and D.R. 2-102(A), in that under the facts of this case it constitutes a material misrepresentation of fact as to the number of lawyer-employees employed by respondent's firm.
It was stipulated that at the time the current firm name of "The Law Team, Fetterman and Associates" was established respondent employed two associates. Hence, the firm name was proper at the outset. It has been further established that at times subsequent to the naming of the firm, respondent has employed less than two associates in his firm, and The Bar argues that respondent's practice under such circumstances constitutes a misrepresentation of fact in violation of Florida Bar Code of Professional Responsibility, D.R. 2-101(A), D.R. 2-101(B)(1), and D.R. 2-102(A).
Although The Bar is technically correct in its argument on this point, we find that the use of "Associates" is not a material misrepresentation as contemplated by the disciplinary rules.
If the initial use of the words "and Associates" in a firm name is appropriate in that two or more associates practice under the firm name, then subsequent losses of associates will not transform the previously appropriate firm name into one that is misleading under the Code of Professional Responsibility as long as at least one associate remains. Such a result is allowed in the case of established law firm names originally indicating viable partners and which presently retain the original firm name long after the original partners have met their demise. No different result should be obtained under the circumstances existent in the case sub judice.
Respondent's name is listed in the firm name, and the general public is sufficiently apprised thereby of his position of responsibility with respect to the firm's obligations and duties to its clients. That "Associates" is employed in the firm name simply means that respondent employs other lawyers to assist him in the practice of law.
We find that the usage of "Fetterman and Associates" is not employed in violation of Florida Bar Code of Professional Responsibility D.R. 2-101(A), D.R. 2-101(B)(1), and D.R. 2-102(A), and as such we decline to adopt the referee's recommendation that respondent be enjoined from using such language under the circumstances existing in the case sub judice. However, if the respondent no longer employs other lawyers to assist him in the practice of law, the word "associates" may no longer be used in the firm name.
A final point worth noting is the constitutional question regarding free commercial speech. The Bar argues that "The Law Team, Fetterman and Associates" is misleading per se; accordingly the use of such language may be prohibited. Respondent argues that such an attempt to restrict the free flow of commercials is in violation of the United States Constitution, amendments I and V, and article I, section 4 of the Florida Constitution.
Commercial speech is expression related solely to the economic interests of the speaker and his audience, and in the legal-professional context, its purpose is to engage the lawyer for personal profit. Matter of RMJ, 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982); Central Hudson Gas Co. v. Public Service Commission, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).
The Supreme Court has recently set forth the commercial speech doctrine as it should be applied in the context of professional advertising:
Commercial speech doctrine, in the context of advertising for professional services, may be summarized generally as follows: *840 Truthful advertising related to lawful activities is entitled to the protections of the First Amendment. But when the particular content or method of the advertising suggests that it is inherently misleading or when experience has proven that in fact such advertising is subject to abuse, the states may impose appropriate restrictions. Misleading advertising may be prohibited entirely. But the states may not place an absolute prohibition on certain types of potentially misleading information. ...
102 S.Ct. at 937 (emphasis added).
The Court further stated:
Even when a communication is not misleading, the state retains some authority to regulate. But the state must assert a substantial interest and the interference with speech must be in proportion to the interests served.
Id. (emphasis added).
Having already found that "The Law Team, Fetterman and Associates" is neither inherently nor operatively misleading, we find that The Bar has not met its burden under RMJ.
In the area of professional advertisement of legal services this Court remains mindful of the delicate balance between constitutional freedom of expression and legitimate restrictions upon the unrestrained exercise of that privilege. We are also cognizant that the special characteristics of such services afford opportunities to mislead and confuse that are not present when standardized services are offered to the public. Nevertheless, in the present case The Bar has failed to establish to this Court's satisfaction the requisite substantial justification for the attempted restraint on respondent's use of "The Law Team, Fetterman and Associates." RMJ; Central Hudson Gas, 447 U.S. at 563-64, 100 S.Ct. at 2350; Bates, 433 U.S. at 350, 97 S.Ct. at 2692. Accordingly, respondent may continue in his use of such name to identify his law practice, and to advertise legal services provided he, in fact, has associates employed in his firm.
However, we do find that the radio advertisement referred to as the "Love 94 Tape," which was employed by respondent, contained sensational language in violation of Florida Bar Code of Professional Responsibility D.R. 2-101(C)(5) and D.R. 2-101(C)(6). Even though respondent has voluntarily ceased using these advertisements, we feel compelled to caution against any further use of such advertisements. No sanctions will be imposed.
Our approval of the use of the words "law team" and "associates" together with the legal profession's acceptance of the term "law clinic" should not, however, be taken as an invitation to lawyers to experiment with other terminology to attract the public's attention. This appears to be the outer limit allowable.
The motion of the Florida Bar to tax costs in the amount of $951.03 is denied.
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., and EHRLICH, J., dissent.